| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.C. TOTH, | 1:11-cv-0247-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |
| v. | (ECF No. 13) |
| GOVERNOR ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff R.C. Toth ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.)

On October 31, 2012, the Court issued an order to show cause, ordering Plaintiff to show cause why his case should not be dismissed for failure to state a claim and failure to prosecute. (ECF No. 13.) Plaintiff was to show cause by November 14, 2012. November 14, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any

1 and all sanctions . . . within the inherent power of the Court." District courts have the
2 inherent power to control their dockets and "in the exercise of that power, they may
3 impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
4 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
5 prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
6 or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
7 Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
8 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
9 amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
10 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
11 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
12 (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,
13 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
14 rules).

15 In determining whether to dismiss an action for lack of prosecution, failure to obey
16 a court order, or failure to comply with local rules, the Court must consider several factors:
17 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
18 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
19 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
20 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
21 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

22 In the instant case, the Court finds that the public's interest in expeditiously
23 resolving this litigation and the Court's interest in managing its docket weigh in favor of
24 dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of
25 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
26 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
27
28

1  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
2  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
3  warning to a party that his failure to obey the court's order will result in dismissal satisfies
4  the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
5  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly
6  stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 13.)
7  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
8  with the Court's Order.
9       Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action
10 is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon
11 which relief may be granted under § 1983 and failure to obey the Court's October 31,
12 2012, Order (ECF No. 13).  This dismissal is subject to the "three-strikes" provision set
13 forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011)

15 .

16 IT IS SO ORDERED.

17 Dated:   November 21, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

-3-